THE CITY OF JACKSONVILLE, APPELLANT, VS. A. D. BAS-
NETT ET AL., APPELLEES.

1. The title of a statute is "an act to amend section 23 of an act ap-
proved February 4, 1869, entitled an act to provide for the incor-
poration of cities and towns and establish a uniform system of
municipal government in the State." The body of the act con-
taining the amendment consists of three sections. The first sec-
tion gives the city power to raise by tax and assessment money
for general municipal purposes. The second section prescribes
a method of valuation, limits the tax, and restricts appropriation.
The third section legalizes assessments made before the passage
of the act by the city according to the act then regulating assess-
ments, and gives the power to enforce and collect the tax. The
subject of the various sections of this act concerns the matter of
taxation by cities for municipal purposes, and the general subject
of the act as expressed in its title is the establishment of munici-
pal governments. The act, therefore, is not in conflict with Sec-
tion 14, Article IV of the Constitution. The act embraces but
one subject and matter properly connected therewith, and that
subject the title briefly expresses. Gibson vs. The State, 16
Fla., 291, cited and followed.

2. An assessment of a tax is declared illegal by the courts for want of
power in the municipal government to impose such a tax. The
Legislature subsequently legalizes the assessment and confers the
power to levy the tax. The power to collect and to levy is not
retrospective, and to the extent that the legalizing the assess-
ment is retroactive, it is within the power of the Legislature,
unless there is some other objection to it than that it is retroac-
tive. If the assessment is such as the Legislature could have au-
thorized at the time in the event the city had then the power to
levy it, it can legalize it for future action by the city under the
newly granted power.

3. The Legislature does not by such act directly levy the tax. The
whole machinery for its assessment and collection is put in oper-
ation by the city except the original power to collect such tax,
and this is simply an assessment and collection of a tax by the
city, which tax is authorized by the Legislature : *Quere*,
Whether the Legislature can directly assess, levy and collect a

tax of this character. (Section 6, Article XII, of the Constitution construed so far as it relates to this legislation.)

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

*O. J. H. Summers* and *C. P. & J. C. Cooper* for Appellant.

*A. W. Cockrell, John T. & George U. Walker* for Appellees.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

The appellees, Basnett and others, filed their petition before the Judge of the Circuit Court, under section 4, chapter 151, Laws, which authorizes the Judge to set aside an illegal assessment of taxes upon petition setting forth such illegality, accompanied "with the evidence to sustain it." At January Term, A. D. 1883, a like case was presented to this court, and we there held that the assessment as it then appeared was not lawfully made. Basnett vs. City of Jacksonville, 19 Fla., 664. By reference to that case it will be seen that this court held that section 23 of chapter 1688, Laws, as finally amended by section 8 of chapter 3024, Laws, took away the power of the city to tax for general municipal purposes; that the assessment then complained of was an assessment of a tax for such general purpose, and that it was therefore an "assessment not lawfully made." Since that decision the Legislature has passed a statute, the purpose of which was to remedy the effect of that decision and to give vitality and effective operation to the assessments then made, so that the taxes might be collected and the municipal government maintained. The title of this act which

is chapter 3477, Laws of 1883, is " an act to amend section 23 of an act approved February 4, 1869, entitled an act to provide for the incorporation of cities and towns, and to establish a uniform system of municipal government in this State." This act consists of three sections. The first section proposes to amend section 23 " so as to read as follows," and then follow clauses giving the city the power to raise by tax and assessment sums of money for general municipal purposes and for carrying out the powers and duties imposed by the act of February 4, 1869. This act also prescribes the manner in which property shall be valued, fixes a limit to the taxes to be levied as well as to the appropriations to be made, and regulates the issuing of warrants upon the treasurer. Then follows this provision : " That all collections and assessments heretofore made of taxes conformable to the provisions of said act, approved February 4, 1869, and the above sections of this act, are hereby legalized and confirmed, and all taxes so assessed and levied and not heretofore paid, including license taxes, may be enforced and collected in the manner provided by law for the collection of State taxes, notwithstanding such assessment or levies may have been made after the time contemplated by said act of February 4, 1869, or by the provisions of the above sections, had they been in force at the time of such assessments and levies being made, or any municipal ordinance, and notwithstanding a failure to give the notice required under the act approved March 3, 1881, entitled an act prohibiting special taxation in certain cases."

The position is now taken that this section legalizing and confirming these antecedent assessments of taxes for general purposes of the corporation and the taxes so assessed and levied and not paid is unconstitutional and void,

and as a consequence that the assessments remain as we pronounced them in the previous case, unlawful.

It is insisted first that the statute is in conflict with section 14, art. 4, of the Constitution, which provides that " each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title." This act in its title refers to antecedent legislation incorporating cities and towns and establishing a system of municipal government. This clause proposes to give validity to assessments of taxes before that time made by cities and towns, but which had been pronounced unlawfully made. The subject of the whole act from beginning to end concerns the matters of taxation by cities for municipal purposes. Here is clearly one subject and matter properly connected therewith, as the paying the expenses incurred in the past administration of the city government by collecting taxes for that purpose is a matter as much connected with the city as a provision for the collection of the taxes for the future. This case clearly comes within our ruling in Gibson vs. The State, 16 Fla., 291. All matters here properly connected with the establishment and efficiency of municipal governments in this State, including the general subject of taxation, past, present or future, would come within the subject expressed in the title to this act. Cooley Con. Lim., §144.

It is further insisted that the Legislature is prohibited from the enactment of section 3 of the statute by section 6, art. 13, of the Constitution, which provides that "the Legislature shall authorize the several counties and incorporated towns in this State to impose taxes for county and corporation purposes." We presume that the clause of the Constitution to which reference is here intended to be made is section 6 of art. 12, which provides that " the Legisla-

ture shall authorize the several counties and incorporated towns in the State to impose taxes for county and corporation purposes and for no other purpose, and all property shall be taxed upon the principle established for State taxation. The Legislature may also provide for levying a special capitation tax and tax on licenses. But the capitation tax shall not exceed one dollar per annum for all purposes, either for State, county or municipal taxes." This clause of the Constitution, we, to some extent, construed in advisory opinions to be found in 13 Fla., 688 to 699. Without a grant of power, express or implied, by the Legislature to municipal corporations to levy a tax, they would be powerless to do so, and without money, the corporation itself would cease to exist for all practical purposes. This clause upon its face simply makes it the duty of the Legislative department of the govenment to grant the authority to impose taxes to municipal corporations restricting the power, however, to tax for corporation purposes only. The power to impose taxes is to be granted. The only limitation is that they shall be for corporation purposes. Whether the tax is to pay debts already incurred or to be incurred is not specified. This is all there is of it. This clause does not in terms, or by any necessary implication, prohibit the Legislature from passing a statute of the character now under consideration. The case here presented is thus : A mu nicipal corporation supposing it had been granted by the Legislature the power to impose taxes for general municipal purposes does so ; objection is made by the citizen to the assessment as unlawful ; it is so declared by the courts, and the Legislature, to remedy the defect, passes an act conferring the power to impose a tax for general purposes. In addition thereto, the Legislature enacts that all collections made on such account theretofore are legalized. The Legislature further enacted that all assessments made be-

34

fore the passage of the act, which are conformable to the provisions of the act establishing the municipal corporation, are legalized and the corporation is authorized to enforce and collect them. The question then is, whether the Legislature has the power to grant to the municipal corporation the right to tax and to collect and enforce the tax so authorized to be imposed, according to a previous assessment made, the amounts when collected to be applied to the purposes authorized by the Constitution. It is not, strictly speaking, in every sense a retroactive law. It authorizes the future imposition and collection of a tax for a municipal purpose, such tax to be levied according to a past assessment made by the city, under the impression that the Legislature had conferred the power to impose the tax.

The third section legalizes "collections" already made under such previous assessment. The purpose of the legislature was to enable the city to collect from the resisting tax payer the same tax which the willing tax-payer had paid and the very best method to secure the uniformity and equality required by the Constitution was to adopt the assessment according to which other citizens had contributed to the expenses of the city. It is urged, however, that the Legislature, by thus acting, is itself levying the tax while the Constitution requires that it can only authorize the city to impose taxes; the argument being that the previous assessment being unlawful for want of power in the city to levy the tax such assessment must be treated as if it "had never been" and that this act amounts to a direct levy by the Legislature. Whether the Legislature under our Constitution may directly impose a tax we deem it unnecessary to determine because in our judgment such is not its act here. The Legislature here enacts that the act of the city heretofore void for want of power shall for the future collection of this tax be effective by the grant of

power to impose such a tax. It makes no assessment itself. It declares that an assessment already made by the city may be enforced by the city. It authorizes the city thus to apportion the tax. When this case was here before we were obliged to treat this assessment as if it had " *never been made.*" Now, however, the question is, has the Legislature the power to make this act of the city effective for the future collection of a tax by the city otherwise unobjectionable. I do not understand that there is any objection to the apportionment made by this assessment. In treating of this subject some of the text writers say that a re-assessment is perhaps the best method of remedying a defective assessment. But where does the Constitution provide that a past assessment unlawful for want of legislative authority only to levy the tax cannot be made effective in the future by conferring the power to levy the tax and legalizing an apportionment under a proper assessment before that time made. Acts "to legalize prior assessments made when there was no law authorizing the same and making provisions for levy and sale for non-payment " have been repeatedly held to be valid acts. Wade on Retroactive Laws, §252 ; Boardman vs. Beckwith, 17 Iowa, 294 ; Grim vs. Weissenberg, 57 Penn. State, 436. Such acts do not impair the obligation of any contract or interfere with vested rights.

All the prior transaction that is here affected is this assessment. The tax, so far as it is to be collected, will be by virtue of an antecedent authority to impose it, which is granted to the city by the third section of this act. So far as the assessment is concerned the legislation is retroactive or retrospective and no objection can be taken to it except that it is retroactive. The past assessment as made by the city violates no organic rule of taxation or requirement of equality or uniformity or other limitation upon legislative power. The primary cause of the difficulty here was

want of a legislative grant of power to impose this tax. This power is now given and the city has imposed the tax, adopting, as authorized by the Legislature, a past assessment which the city made. Re-assessments are frequently made and sustained when there are irregularities remediable by the Legislature. And so far as any constitutional limitation upon the power of the Legislature is concerned we can discover no great difference between legalizing a past assessment, the power to authorize which the Legislature had at the time it was made (as it had in this case the power to authorize the tax and the assessment) and the granting of the power to make a re-assessment of the same tax on account of irregularity in the first assessment. Certainly there is no such difference as would render one constitutional and the other unconstitutional. We are not dealing here with vested rights or acts granting divorces, legalizing marriages or validating invalid contracts. Certainly these petitioners neither have or had the right to enjoy the protection and benefits of the various kinds which follow municipal organization and government, and at the same time have a vested right against contributing to the expenses thus incurred by the municipality. We can discover no ground upon which we can declare this statute unconstitutional.

The judgment and order is reversed, and the case will be remanded with directions to dismiss the petition.