FLETCHER GREER AND WILLIAM GREER, HER HUSBAND, *Plaintiffs in Error,* v. C. E. FARRINGTON, *Defendant in Error.*

## Opinion Filed July 28, 1923.

In an action of ejectment predicated upon a tax deed, issued for the non-payment of municipal taxes, where the charter statute provides that "the General Statutes of Florida relating to the assessment and collection of taxes shall be applicable to" the municipality, it is harmful error to exclude evidence proffered by the defendant that material applicable provisions of the General Statutes had not been complied with in making the assessment and sale pursuant to which plaintiffs' tax deed had been issued.

A Writ of Error to the Circuit Court for Brevard County; E. C. Davis, Judge.

Reversed.

*Baxter* & *Chancey,* for Plaintiffs in Error.

*C. E. Farrington,* for Defendant in Error.

PER CURIAM.—The judgment herein for the plaintiff in an action of ejectment is predicated upon a quit-claim deed to the lands executed by a corporation claiming under a tax deed issued upon a sale of the lands for the non-payment of municipal taxes.

Section 44, Chapter 6343, Acts of 1911, the Charter Act of the Town of Fort Lauderdale, provides that: "On the first day of July, 1911, the assessment roll shall be completed, and the Tax Assessor and Collector shall proceed to collect all taxes according to said assessment roll. For the year 1912 and subsequent years the General Statutes

of Florida relating to the assessment and collection of taxes shall be applicable to said town.''

At the trial the court excluded evidence that particular material provisions of the General Statutes relating to the assessment and collection of taxes that are by the quoted statute expressly made ''applicable to said town,'' had not been complied with in making the assessment and sale pursuant to which the tax deed was issued. This clearly was error that materially affected the rights of the defendant who claims under the owner of the land at the time the assessment and sale were made. The plaintiff had not acquired title by adverse possession.

Reversed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.