McDONALD MORTGAGE & REALTY CO. v. TAX SECURITIES CORP.

151 So. 896.
Division B.
Opinion Filed November 10, 1933.

*Kelly & Casler,* for Appellant;
*Edwin Brobston,* for Appellee;

*McMullen, McMullen & Pogue,* as *Amicus Curiae.*

BUFORD, J. — The appellant was defendant in a suit brought by the appellee in the court below to foreclose two municipal tax certificates purported to have been issued by the City of Largo.

The bill alleges that the complainant purchased from the City of Largo, and that the City of Largo sold to the complainant certain lands within such municipality for the unpaid and delinquent taxes thereon. There were two certificates, one marked Exhibit "A" and the other marked Exhibit "B," each embracing different lands and each made a part of the bill of complaint. Exhibit "A" recites that the Tax Collector sold the lands therein described at a tax sale to the City of Largo, Florida. The certificate requires the payment of $162.15 for taxes, costs and charges, together with interest at 25 per cent for the first year from the date of the certificate and 8 per cent per annum thereafter. The certificate shows the sale was made August 5, 1929. Attached to the certificate is a purported assignment from one Finley McMullen who describes himself as City Manager and Clerk under his signature. The assignment purports to convey the certificate issued August 5th, 1929, to Tax Securities Corporation, and the assignment is dated November 24, 1930.

Exhibit "B" is certificate dated August 4th, 1930, and recites that on that date the lands therein described were sold to the City of Largo, Florida, for the sum of $102.52 for the unpaid and delinquent taxes and costs, etc., and further recites, "The City of Largo, Florida, or his assigns will therefore be entitled to a deed of conveyance of such lands in accordance with the law, unless the same shall be redeemed by the payment of such amount and within such period of time as are provided by law." The certificate is

signed "Finley McMullen, Tax Collector for City of Largo, Florida." The assignment is dated November 24, 1930, and purports to be the assignment from Finley McMullen, City Manager and City Clerk. The assignment did not purport to be executed by the City of Largo.

The exhibits made a part of the bill of complaint contradict the allegations of the bill of complaint.

Motion was made to dismiss the bill of complaint, which was denied, and defendant appealed.

In some respects this case involves the same questions which were involved in the case of State *ex rel.* Dofnos Corporation v. Lehman, *et al.,* 100 Fla. 1401, 131 Sou. 333, because it is an effort to apply Chapter 14572, Acts of 1929, to municipal taxes and certificates. In that case we said:

"Chapter 10040, Acts of 1925, Laws of Florida, and Chapter 14572, Acts of 1929, Laws of Florida, apply only to State and county taxes and have no relation whatever to municipal taxes and certificates."

The appellee relies upon the case of Ranger Realty Co., *et al.,* v. Miller, 102 Fla. 378, 136 Sou. 546, for an affirmance of the order of the Circuit Court. Some of the facts in this case are not unlike the facts in the case of Ranger Realty Co., *et al.,* v. Miller. We think that under the rule as enunciated in that case, as well as in the case of State v. Goodgame, 91 Fla. 871, 108 Sou. 836, and in the case of Greer v. Tarrington, 86 Fla. 243, 97 Sou. 384, that under the charter provisions of the City of Largo, together with the general statutes which are applicable to that municipality in connection with its charter provisions, the City of Largo may enforce its tax collections by the sale of property for unpaid and delinquent taxes and may issue certificates to the purchasers of such property and that by proper ordinance the City may provide for such sale and execution and de-

livery of certificates and that the purchaser of the certificate at a tax sale, or assignee of the certificate which has been purchased by the City, or other person or corporation, may foreclose the lien evidenced by the certificate as the owner and holder thereof in a court of equity to enforce the payment of the amount of taxes, costs, charges and interest and thereby satisfy and discharge the lien. See Ranger Realty Co., *et al.,* v. Miller, *supra.* But in this case the certificates themselves are in conflict with the charter provisions of the city. The certificates require for redemption the payment of taxes, costs and charges, plus 25 per cent thereof the first year and 8 per cent per annum for each year thereafter; while Section 18 of Chapter 10761 provides as follows:

"All taxes shall be due and payable on the first day of November in each year, or as soon thereafter as the assessment roll shall have been completed. A discount of 2% shall be allowed on all taxes paid during the month of November, and a discount of 1% shall be allowed on all taxes paid during the month of December. No discount will be allowed on taxes paid during the month of January. Collection of taxes due on the first day of February and thereafter in each year shall be enforced in the manner prescribed by law, and interest at the rate of 12% per annum from the first day of February shall be added thereto and collected. Notice of taxes due, together with discounts and penalties, shall be given for two consecutive weeks in some newspaper published in Pinellas County. Any assessments of taxes shall be and remain a lien upon the property assessed, superior to all other liens or claims until the same shall be paid."

Thus, interest on the amount of taxes delinquent after the first of February is limited to 12 per cent per annum and

the charge of 25 per cent contained in the sale certificate is, therefore, unauthorized.

Section 12 of the same Act provides, in part, as follows: "The Board of Commissioners shall have power to appoint an officer to be known as city manager, whose duty shall be to act as city clerk, city tax collector, city tax assessor and city marshal and such other duties as may be prescribed by the Board of Commissioners."

For all that is shown by the bill of complaint, together with the copies of the certificates attached thereto and made a part thereof, the person Cleve F. Smith who signed the certificates may have been, or may not have been, the City Manager of the City of Largo exercising the functions of Tax Collector of the City of Largo. The assignment of the certificate is upon its face an assignment from an individual, Finley McMullen, who designates himself "City Manager and Clerk," but neither in the body of the assignment nor in the method of executing the assignment does it appear that Finley McMullen makes the assignment *as* City Manager and City Clerk of the City of Largo, Florida.

Under the allegations of the bill of complaint, taken together with the exhibits which are made a part thereof, the complainant was not entitled to the relief prayed for the reason above stated and the bill of complaint should have been dismissed without prejudice to the complainant to file another bill of complaint, if it desired to do so, for the purpose of reforming the certificate and having a proper assignment thereof, together with a foreclosure of the lien existing against the lands for the unpaid taxes thereon.

For the reasons stated, the order appealed from is reversed with directions that an order be entered not inconsistent with this opinion.

A motion was filed in this Court subsequent to the appeal

praying that this Court make an order dismissing the bill of complaint because, as it is alleged therein the right of the appellee to the relief prayed has been determined against the complainant in the court below by the force and effect of the opinion and judgment of this Court in the case of State *ex rel.* Landis, *et al.,* v. City of Largo, wherein the same lands involved in this suit were involved. That motion was denied because the filing of such motion was not a proper way to reach the question sought to be determined. The question involved may be adjudicated upon proper pleadings to an amended bill of complaint if one should be filed in the court below.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.