M. O. OVERSTREET, as Receiver of First National Bank & Trust Company, in Orlando, in the capacity as Administrator *cum testamento annexo, de bonis non* of the estate of W. A. Kingsley, deceased, and Lottie A. Arnold, a widow, v. C. M. GORDON.

163 So. 477.

Opinion Filed October 11, 1935.

*Baker & Thornal,* for Plaintiff in Error;
*Dickinson & Dickinson,* for Defendant in Error.

DAVIS, J.—Defendant in error (plaintiff in Circuit Court) sued in ejectment, basing his claim to title on a tax deed. Plaintiffs in error (defendants below) defended on the theory that the tax deed was void because of an invalid designation of this newspaper in which was to be published the delinquent tax sales list for 1931, the year in which the property involved in this case was sold for taxes prior to issuance of tax deed.

The tax deed was issued under date of February 5, 1934, and is in form in compliance with applicable provisions of law pertaining to the issuance of tax deeds. It was predicated upon the surrender by the grantee of a tax sales certificate issued pursuant to a tax sale held August 3, 1931, for the unpaid taxes on the land involved.

At the trial it was conceded that Section 969 C. G. L., 756 R. G. S., as amended by Section 3 of Chapter 14572, Acts 1929, had not been strictly complied with, in that the County Commissioners of Orange County did not at their first regular meeting in February, 1931, select *a* (one) newspaper for the publication of the delinquent tax sales list for that year, but in fact selected for that purpose *two* newspapers for such advertising, namely the Orlando Morning Sentinel and the Orlando Evening Reporter Star.

The trial judge was of the opinion that under Section 894 C. G. L., Section 1, Chapter 14572, Acts 1929, the objection urged against the validity of the tax deed was immaterial because of the provisions of that section which declare that no tax assessment, sale or conveyance shall be held invalid "except upon proof that the property was not subject to taxation, or that the taxes had been paid previous to sale, or that the property had been redeemed prior to the execution and delivery of deed based upon certificate issued for non payment of taxes." On the strength of that section the court directed a verdict for the plaintiff below, the defendants' objection to the alleged invalid designation of the publication organ to the contrary notwithstanding.

Under the law in effect prior to the effective date of Chapter 14572, Acts 1929, failure to properly designate the newspaper in which the delinquent tax sale notice was to be published under the law, was held to be a fatal defect rendering a tax deed based thereon invalid as evidence of title. City of Orlando v. Equitable Building & Loan Ass'n, 45 Fla. 507, 33 Sou. Rep. 986; Stephens v. Futch, 73 Fla. 708, 74 Sou. Rep. 805; Aos v. Jacksonville Realty & Mtg. Co., 77 Fla. 403, 81 Sou. Rep. 524.

Plaintiff in error relies upon this Court's opinions in West Virginia Hotel Co. v. Foster, 101 Fla. 1147, 132 Sou. Rep.;

First Trust Co. of Sarasota v. Souder, 112 Fla. 393, 150 Sou. 590; Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 Sou. Rep. 439; State, *ex rel.* Ranger Realty Co. v. Lummus, 111 Fla. 746, 149 Sou. Rep. 650; Tax Securities Co. v. Borland, 103 Fla. 463, 137 Sou. Rep. 151, and Hecht v. Cardinal, 103 Fla. 930, 140 Sou. Rep. 648, as establishing the proposition that Section 1 of Chapter 14572, *supra,* is, and should be, limited in its effect to judicial foreclosure of tax sales certificates or like proceedings to enforce tax deeds, and not as depriving the delinquent property owner of the theretofore available technical objections that were, for a long time recognized as legally assertable against a *claim of title* accruing under a tax deed issued pursuant to administrative, as distinguished from judicial proceedings.

Our conclusion is that as to tax sales certificates issued *after* the effective date of Chapter 14572, Acts 1929 (which became a law June 20, 1929), the statute is not so limited. Such was the view of the Circuit Judge and in that view we concur.

The policy of Chapter 14572, particularly Section 1 thereof, was to abolish purely formal defenses against the validity of tax deeds, whether issued pursuant to administrative proceedings or not. The statute applies to all classes of tax deeds when judicially attacked in any case wherein it is made to appear that a valid tax deed could have been lawfully issued against the delinquent lands described in such tax deeds had the merely procedural misprisions of the tax officers (such as designating the official tax sale newspaper and the like) not occurred and where it is either affirmatively established or admitted that there was, at the time of the tax sale, an actual tax delinquency for which such tax sale was held.

However, Chapter 14572, *supra,* was amended by Chapter

17442, Acts 1935, enacted at the 1935 session of the Legislature, but the 1935 amendatory Act can have no retroactive legal effect as against the vested rights of those holders who purchased tax sale certificates prior to May 31, 1935 (the date upon which the amending law became effective) and subsequent to June 20, 1929. This is so, because the rights of tax certificate purchasers, being vested according to the valid statutes in effect at the time of sale, cannot be thereafter lawfully impaired by subsequently enacted legislation operating to the prejudice of such purchasers or their assignees. The rule of law just stated was specifically recognized and held to so apply in Clark v. Cochran, 79 Fla. 788, 85 Sou. Rep. 250; Hull v. State, 29 Fla. 79, 11 Sou. Rep. 97, 30 A. S. R. 95, 16 L. R. A. 308; and State v. Bradshaw, 35 Fla. 315, 17 Sou. Rep 642.

So the tax deed involved in this case was not voided by the fact that two newspapers, instead of one, were designated in February, 1931, for the official publication of the delinquent tax sale notice of that year in Orange County—both the newspaper designation and tax sale thereunder having occurred in 1931 while Section 1 of Chapter 14572, Acts 1929, as above stated, was in full force and applicable.

In the foregoing connection it is to be observed that no attack is made here on the publication of the notice of issuance of the tax deed simply on the organ of publication of the notice of tax sale two years and more earlier. Thus the case is to be distinguished from the case of Tax Securities Corp. v. Borland, 103 Fla. 63, *supra,* and like cases, because the legal publication of the required notice of application for tax deed is final process given for the purpose of cutting off the delinquent's right of redemption and is not to be dispensed with. On the other hand, notice of the tax sale is merely procedural and may be constitutionally dis-

pens'ed with by the Legislature in its entirety so long as the taxpayer's right to redeem from the sale after it is held is preserved, and the rights of the taxpayer are maintained in a requirement for proper notice of application for issuance of tax deed before they are finally cut off.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.