HORACE TINDEL v. W. N. GRIFFIN and wife, PARA PEARL GRIFFIN, FRED E. WEST and PHILLIPS PETROLEUM COMPANY, a corporation.

25 So. (2nd) 200        January Term, 1946
March 8, 1946        Division A

*James N. Daniel,* for appellant.

*Cecil A. Rountree,* for appellee.

BUFORD, J.:

On May 28th 1944 appellant exhibited his bill of complaint in the Circuit Court in and for Washington County, Fourteenth Judicial Circuit of Florida, in which he sought to have vacated and cancelled a certain tax deed alleged to have been issued to W. N. Griffin on December 6th 1943. Application was alleged to have been for said tax deed in November, 1943, based on Tax Certificate No. 498 of the Tax Sale of 1941 and embracing the E½ of the SW¼ of Section 14. The bill does not allege the Township and Range in which the land is located.

The bill was amended on February 8th 1945 and again on May 8th 1945 and on May 12th 1945, defendants W. N. Griffin and wife filed motion to dismiss the bill of complaint as amended. The motion was sustained and the bill dismissed with prejudice.

From that order appeal was taken to this Court.

The appellant has posed six questions which we are asked to determine and which are as follows:

"1. In order for one to apply for and obtain a tax deed on a Tax sale certificate issued to the Treasurer of the State of Florida, is it necessary for that certificate to be assigned in writing to the tax deed applicant?

"2. When application is made for a tax deed on a tax sale certificate issued at the State tax sale held in the year 1941, is it necessary for the Clerk of the Circuit Court to attach to the affidavit of the publisher of the notice of application for the deed, any certificate that the Clerk mailed any copy of the notice or a certificate to the effect that the address of the owner of the property is unknown to the Clerk? Is it necessary to the validity of the tax deed that any certificate of the Clerk be attached?

"3. Is a tax deed valid which was issued on a tax sale certificate of the 1941 tax sale of the notice of application for

the deed states that the land was assessed to Alford Brothers Company, when in fact it was assessed to Alford & Co., Alford Brothers Company being the name of a corporation, and Alford & Co. being the name of a firm, both doing business in the County?

"4. Is a tax deed valid which was issued on a tax sale certificate of the 1941 sale if the Clerk of the Circuit Court failed to send to the land owner any notice of the application for the deed and failed to mail to the land owner any copy of the notice of said application as published in the newspaper, although the said Clerk, at the time the application for the tax deed was made, had acual knowledge as to who was the owner of the land and knew the address of the owner?

"5. Is a tax deed valid which was issued on a tax sale certificate of the 1941 sale if the Clerk of the Circuit Court failed to send to the land owner any notice of the application for the deed and failed to mail to the land owner any copy of the notice of said application as published in the newspaper although there was on record in the office of said Clerk at the time of said application a deed conveying the land to the owner?

"6. Is a tax deed valid which was issued on a tax sale certificate of the 1941 sale when no copy of the newspaper containing the advertisement of the tax sale has ever been filed in the office of the Clerk of the Circuit Court?"

The 1st, 2nd, 3rd and 6th questions above stated may be disposed of by reference to Sec. 192.21 Fla. Statutes 1941 (same FSA) as amended by Sec. 192.21 cumulative Supplement 1943. Sec. 192.21, Fla. Statutes 1941, provides as follows:

"All owners of property shall be held to know that taxes are due and payable thereon annually, and are hereby charged with the duty of ascertaining the amount of such tax and paying the same before the first day of April of each year; all provisions of law now existing on which may be hereafter enacted relating to the assessment and collection or revenue (unless otherwise specifically so declared) shall be deemed and held to be directory only, designed for the orderly arrangement of records and procedure of officers in enforcing

the revenue laws of the State; and no assessment shall be held invalid unless suit be instituted within thirty days from time the assessment shall become final, and no sale or conveyance of real or personal property for non-payment of taxes shall be held invalid except upon proof that the property was not subject to taxation, or that the taxes had been paid previous to sale, or that the property had been redeemed prior to the execution and delivery of deed based upon certificate issued for nonpayment of taxes. Nothing contained in this chapter shall be construed as in any way affecting any suit now pending in any court of this State, or any federal court involving any tax lien, tax certificate, or tax certificates or tax deeds."

The same section as amended and appearing as 192.21, 1943 Supplement to Vol. 1, Fla. Statutes 1941, makes no material changes affecting the construction of the same in this regard.

The only material change in this regard made by the 1943 amendment was to provide that the suit must be instituted within 60 days from the time the assessment should become final, whereas the 1941 act required the suit to be instituted within 30 days. We give effect to this Act on authority of the opinion and judgment in the case of Overstreet et al. v. Gordon, 121 Fla. 180, 163 So. 477, except as to those matters which are, or may be, complained of constituting jurisdictional prerequisites.

The tax deed in this case was issued under the provisions of the statutes as they existed by the enactment of Chapter 20722 Acts of 1941 which were brought forward and reenacted in Chapters 192, 193 and 194, Fla. Statutes 1941, and as amended by Chapter 22079 Acts of 1943, and included in Chapters 192, 193 and 194, 1943 Cumulative Supplement to Fla. Statutes 1941.

Section 194.15 Fla. Statutes 1941 (same FSA) which was not amended by the 1943 Act, provides:

"On and after April 1st 1943, tax deeds on real estate sold for nonpayment of the taxes thereon may be obtained by the holder of a tax certificate, other than the county, in the following manner: The holder of any tax certificate may at

any time after two years have elapsed since April first of the year the tax became delinquent (except that on certificates issued pursuant to the 1940 assessment the period shall be two years from the date of the certificate) file such certificate with the Clerk of the Circuit Court of the county in which the lands described in such certificates are located, notifying the Clerk that he desires the lands described therein, or any part thereof capable of being readily separated from the whole, advertised for sale; Provided, further, this section shall not apply to tax certificates issued prior to 1941." .

It is not alleged in the bill of complaint that the certificate was issued within the two years prior to the application for deed.

It is not alleged that Griffin was not the owner and holder of the tax sale certificate at the time he made application for the tax deed.

It is alleged that the assignment of the tax certificate had not been made by endorsement on the certificate by the Clerk.

Sec. 194.11 Fla. Statutes 1941 (same FSA) does provide that:

"The endorsement of a tax certificate officially by the Clerk of the Circuit Court, with the date and amount received, shall be sufficient evidence of the assignment and transfer thereof.".

This provision, however, pertains to a method of proving the assignment of the certificate.

Sec. 193.60 Fla. Statutes 1941 (same FSA) provides:

"All tax certificates heretofore or hereafter issued, whether to the state, county or individuals, shall be transferable by endorsement at any time before they are redeemed, or a tax deed is executed therefor."

Under the provisions of Sec. 192.21, supra, this provision of the statute is declared to be directory only and is not a ground which may be asserted to defeat a tax deed.

If Griffin bought the certificate for the face value thereof with interest and charges and paid the clerk for it and received the certificate, he became the owner and holder of that certificate and under the provisions of Sec. 194.15, supra, was entitled as such holder to apply for a tax deed.

The difference between the statutes under consideration here and the ordinance involved in the case of McDonald etc. Company v. Tax etc. Corporation, 112 Fla. 622, 151 So. 896, constitutes the basis for difference in the results reached in disposing of the two cases.

It is contended by the appellant that the statutes above cited apply only to the assessment and collection of taxes subsequent to 1940 but it appears from the bill of complaint in this case that the proceedings had to enforce the collection of the taxes here involved occurred subsequent to 1940, that is, the proceedings, involving the collection of the tax.

We now come to the 4th and 5th questions. These two questions present the contention that the deed was issued without due process of law in that notice required by the statute was not given to the land owner. Whether or not the bill of complaint shows a lack of notice to the owner, which lack of notice would vitiate the tax deed, must be determined by reference to, and construction of, the statutes providing for notice in force at the time the deed was issued. See Kester v. Bostwick et al., 153 Fla. 437, 15 So. (2) 201; Overstreet v. Gordon, supra.

Sec. 194.16 Fla. Statutes 1941 (same FSA) provides for notice to be given of the application for tax deed.

Sec. 194.18 Fla. Statutes 1941 (same FSA) provides for mailing notice to the owner where application is by a holder other than the county, and therein provided:

"The failure of the Clerk to mail the notice provided for in this section or the failure of the owner, mortgagee or municipality or other taxing district to receive such notice shall not affect the validity of the tax deed issued pursuant to such notice."

However, this Section was amended by Sec. 28 of Chapter 22079, Acts of 1943, (which became effective June 14, 1943, which was some five (5) months prior to the application for tax deed in this case) which amendment was re-enacted as Sec. 194.18, 1943 Cumulative Supplement to Fla. Statutes 1941, and in the amendment it was provided:

"In addition to the publication of the notice provided for by No. 194.16 the clerk of the circuit court shall mail a copy

of such notice to the owner of the property and to each mortgagee, if any, if the name and address of such persons appears on the tax roll for the year in which taxes were last extended on such property or if the name and address of such persons did not appear thereon then the notice shall be mailed to the person last paying taxes upon such lands as shown by the tax collector's receipt book and in the event no address be shown thereon no notice shall be required; and the clerk shall mail a copy of the notice of sale by registered mail to the municipality, and other taxing districts, in which the property therein described is situate; and the clerk shall enclose with every copy mailed a statement as follows: 'Warning, property in which you are interested is listed in the copy of the enclosed notice'; and the clerk shall make out and attach to the affidavit of the publisher attesting to the publication of such notice, a certificate that he, the clerk, did on the _____ day of _____ 19_____, mail a copy of the notice addressed to _____ at _____, which certificate shall be signed by the clerk and his official seal affixed thereto; and such certificate shall be prima facie evidence of the fact that such notice was mailed. In the event the addressees of the owners and mortgagees, if any, do not appear on the tax roll as aforesaid, and the address of the person last paying taxes upon such lands is not shown by the tax collector's receipt book, the clerk shall execute and attach to the proof of publication a certificate sealed with his official seal to such effect. The failure of the owner, mortgagee or municipality or other taxing district, to receive such notice shall not affect the validity of the tax deed issued pursuant to such notice."

It is not alleged in the bill of complaint that notice properly describing the land and properly describing the certificate pursuant to which the land was proposed to be sold was not published in the manner provided by section 194.16 Fla. Statutes 1941 (same FSA). It is observed that under the 1941 Act, supra, such notice is all that is mandatorily required.

It is not alleged that the addresses of the owners and mortgagees, if any, appeared on the tax roll for the year in

which the taxes were last extended on such property; nor is it alleged that the name and address of the person last paying taxes upon such lands was shown by the tax collector's receipt book and, unless one or the other of these conditions is shown to exist, there was no duty resting upon the Clerk to mail the notice referred to in Sec. 194.18 1943 Supplement to Fla. Statutes 1941. Nor does the bill allege that the property was not subject to taxation or that the taxes had been paid previous to the sale, or that the property had been redeemed prior to the execution and delivery of the deed.

For all that appears in the bill of complaint, the notice of application for tax deed was published and contained the information required by the statutes in force at the time the application for tax deed was made; and, for all that appears in the bill of complaint, there were no addresses of any persons appearing on the tax roll for the year in which the taxes were last extended on such property. Nor does it appear that the name and address of the person last paying taxes on such lands was shown by the tax collector's receipt book.

Therefore, the allegations of the bill of complaint are insufficient to show a lack of notice as required by statute, or a lack of due process of law.

Our conclusion is that the bill of complaint fails to allege sufficient facts to show that plaintiff was entitled to the relief prayed for or any other relief in equity. Therefore, the decree appealed from is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.