### HOMESTEAD NEWS, Inc. v. HOMER, County Manager, et al.
No. 67-2341.

Circuit Court, Dade County.

April 14, 1967.

Ralph H. Bearden, Jr. and Frederick M. Lucarelli, both of Miami, for plaintiff.

Thomas C. Britton, County Attorney, Stuart Simon, Assistant County Attorney, for defendant Dade County.

Vernon C. Turner, City Attorney, for defendant City of Homestead.

WILLIAM A. HERIN, Circuit Judge.

*Judgment for declaratory decree:* This cause having come on for final hearing before the court on April 4, 1967, and the court having considered the complaint as amended, the answers filed by the city of Homestead, a municipality in the state of Florida, Dade County, a political subdivision of the state of Florida, and Porter Homer, as county manager for Metropolitan Dade County, having read the memorandum briefs submitted by the plaintiff and defendants, and having heard oral argument from counsel for all parties before the court and being otherwise fully advised in the premises, the court finds the relevant facts to be as follows —

a. Pursuant to the provisions of §§4.04 and 9.03 of the Dade County Home Rule Charter, Dade County assumed the responsibility for assessing and collecting all municipal ad valorem taxes on January 1, 1966. Part of the collection process involves compliance with the statutory requirement that the list of delinquent taxes be published in a newspaper. The county's publication of delinquent county taxes is governed by §193.51, Florida Statutes, which requires the publication in one newspaper and one newspaper only, as that statute has been interpreted by the Supreme Court in City of Orlando v. Equitable Building & Loan Ass'n., 45 Fla. 507, 33 So. 986; Stephens v. Futch, 73 Fla. 708, 74 So. 805; Amos v. Jacksonville Realty & Mortgage Co., 77 Fla. 403, 81 So. 524; and Overstreet v. Gordon, 121 Fla. 180, 163 So. 477. Prior to 1966 and the county's acquisition of the municipal tax collection function, municipal tax collectors published lists of delinquent municipal taxes encumbering taxable property within their respective municipalities in accordance with §167.47, Florida Statutes. Pursuant to that statute the

city of Homestead had for some years published its list of delinquent taxes in the plaintiff newspaper, the only newspaper published in the city of Homestead.

b. Since the county's acquisition of the municipal tax assessment and collections in 1966, the county has announced its intention of advertising the 1966 delinquent county tax list and the 27 delinquent municipal tax lists for 1966 simultaneously and as a unit in one newspaper. That newspaper has a county-wide circulation and distribution and is qualified to carry legal and official advertisements under chapter 49, Florida Statutes. The county contends that it must publish the 28 delinquent tax lists for 1966, consisting of one county list and 27 municipal lists, as a unit in one newspaper only under §193.51.

c. The plaintiff newspaper, through its amended complaint, seeks a declaration from this court that the county must advertise delinquent Homestead ad valorem taxes for 1966 in its pages under §167.47. The defendant city of Homestead supports this contention. The plaintiff and the defendant city maintain that §4.04(C) of the home rule charter is void and unconstitutional because in conflict with §167.47, which prescribes a different method or procedure for publishing the list of delinquent taxes from that prescribed for counties by §193.51. It will be clear that if this contention of the plaintiff is correct, the county will be required to publish a separate list of delinquent municipal ad valorem taxes for 1966 in each of the 27 separate municipalities in the county in the manner prescribed by §167.47. The county, through its answer, takes issue with the plaintiff and asks the court to declare valid and proper its publication of all 1966 county and municipal delinquent taxes in one newspaper with county-wide circulation.

Confronted with these facts and the positions of the parties as above stated, the court declares the rights and duties of the respective parties to be as follows —

1. Defendant Dade County is correct in its contention that it must publish the list of delinquent 1966 ad valorem taxes, both county and municipal, in only one newspaper having a county-wide circulation and authorized to carry legal and official advertisements. Such publication is the only way that the county may lawfully advertise delinquent taxes under §193.51.

2. In the court's view the county has lawfully and properly acquired the former municipal tax assessment and collection functions. The county's acquisition of these functions was pur-

suant to article VIII, §11(1)(d) of the Florida Constitution which provides that the Dade County Home Rule Charter —

"May provide a method by which any and all of the functions or powers of any municipal corporation or other governmental unit in Dade County may be transferred to the board of county commissioners of Dade County."

The municipal tax assessment and collection functions were transferred to the county by §4.04 of the home rule charter as adopted by the citizens of Dade County on May 21, 1957.

3. Once transferred to the county, these municipal assessment and collection functions ceased to be municipal functions and became county functions. They could be performed thereafter only by and through those lawful methods that counties may use in performing such functions, even though such methods may differ from the methods or procedures used by municipalities when the functions were performed by them. This is not to say that the county can change the substantive rights of a municipality or its citizens by modifying the function transferred to it, but it can utilize a different method or procedure in carrying out the former municipal function, so long as the method or procedure is a lawful one for the county. In the instant case the county adopted the only legal method or procedure that a county might use in publishing a list of delinquent taxes.

4. Article VIII, §11(1)(b) of the Florida Constitution states that the home rule charter may grant power and authority to the board of county commissioners of Dade County to "do everything necessary to carry on a central metropolitan government in Dade County." This court holds that this broad grant of power to the county is an express authorization to perform any lawful function by any lawful method or procedure for a county to utilize, though that method or procedure might be improper for a municipality performing the same function. The tax collection function is not a municipal function performed by the county as agent for the municipality — the former municipal function is now a county function that can be performed by the county in the only lawful way for a county to perform it. This position is supported by the provision in §4.04(A) of the home rule charter which states —

". . . the county tax rolls prepared by the county shall be the only legal tax rolls in this county for the assessment and *collection* of county and municipal taxes." (Emphasis added.)

Pursuant to the provisions of the Home Rule Amendment, Dade County adopted §4.04(C) of this charter which provides—

"Delinquent municipal taxes shall be collected in the same manner as delinquent county taxes."

The county is collecting delinquent municipal taxes in exactly the same manner as delinquent county taxes, and this court deems §4.04(C) of the charter constitutional and not in conflict with §167.47, Florida Statutes, for the reasons herein stated.