## CULBERTSON v. HIGH, et al.
No. 67-6427.

Circuit Court, Dade County.

August 25, 1967.

Thomas C. Britton, County Attorney, St. Julian P. Rosemond, Assistant County Attorney, for the plaintiff and for the sheriff of Dade County and Dade County, intervenors.

Jack R. Rice, Jr., City Attorney, John S. Lloyd, Assistant City Attorney, for the defendants.

Eugene P. Spellman, Miami, for R. W. Johnson, intervenor.

William A. Ingraham, Jr., Miami, for Jose M. Renedo, intervenor.

J. GWYNN PARKER, Circuit Judge.

*Final declaratory decree:* This cause being at issue and after due notice coming on to heard, and the court having considered the pleadings, stipulations and evidence and studied the briefs, makes the following findings —

(1) The city of Miami through its mayor and city commission, pursuant to section 14 of its charter, issued and served subpoenas upon the plaintiff, numerous county employees serving under him in the tax assessor's office, the sheriff of Dade County, who intervened along with Dade County, and the intervenors Richard W. Johnson and Jose M. Renedo. Those served were inter alia required to appear before the city commission, acting as an inquisitional committee investigating the Dade County tax assessor's office. The plaintiff instituted this declaratory decree action to determine his rights and whether or not the city had authority to investigate his office and to determine his immunity from the process issued by the city. The intervenors sought the same declaratory relief.

(2) The court has jurisdiction of this cause under provisions of chapter 87, Florida Statutes.

(3) The city commission of the city of Miami has, pursuant to section 14 of the city charter, authority to ". . . investigate the financial transaction of any office or department of the city government and the official acts and conduct of any city official, and

by similar investigations . . .," that is, by investigating said financial transactions and official acts, the commission ". . . may secure information upon any matter." This authority obviously does not give the city commission the right to investigate such transactions or acts of another governmental entity unless perhaps such other governmental entity or department thereof is performing a city function for it as its agent.

(4) The electorate of Dade County in adopting the home rule charter, pursuant to article VIII, section 11 of the Florida constitution, by section 4.4 of the charter provided that ". . . the county tax rolls prepared by the county shall be the only legal tax rolls in this county for the assessment and collection of county and municipal taxes." Further, the section advises that there shall be no municipal assessor and that no municipality shall ". . . prepare an ad valorem tax roll."

It is, therefore, obvious that the preparation of the county tax roll is plainly a county function; the city does not perform this function. It is prohibited from doing so. Moreover the county is not acting as agent for the city. The city did not employ the county tax assessor to prepare its rolls. The city has no tax rolls. It was the county electorate at large, not the city voters alone, who voted the authorization of section 4.04 of the county charter with reference to assessment and collection of taxes. Moreover, in the recent unappealed decision of this court in Homestead News, Inc. v. Homer, 28 Fla. Supp. 201, which dealt with subsection C of section 4.04 of the county charter (which requires the county to collect municipal delinquent taxes), the court held that the tax collection function was not a municipal function and that the county was not acting as a municipal agent in collecting the latter's taxes. This conclusion was reached because section 4.04, supra, was authorized by the home rule constitutional amendment authorizing the transfer of ". . . any and all of the functions or powers of any municipality . . ." to the county. The court then correctly reasoned —

> "Once transferred to the county, these municipal assessments and collection functions ceased to be municipal functions and became county functions."

A comparison may be seen from a casual reading of Miami Shores Village v. Cowart, Fla. 1958, 108 So.2d 468, holding that the municipal function of traffic regulations and control having been absorbed by the county the cities had been relieved of such functions.

It is therefore concluded that the city of Miami, its mayor and commissioners were and are without power or authority to investigate any county office, official, or department concerning the performance of a county function and in particular the county tax assessor's office. Further, those served with witness subpoenas duces tecum or otherwise to appear before the city commission concerning its investigations of the county assessor's office may disregard the same as such subpoenas were issued without authority.

It is therefore ordered, adjudged and decreed —

That all temporary injunctions heretofore entered herein are hereby made permanent.

That the defendants jointly and severally are enjoined from investigating the Dade County tax assessor or his office and department.

That the defendants jointly and severally are enjoined from requiring in any manner or form the plaintiff, any and all Dade County officials and employees, whether employed in said assessor's office or not, or the intervening parties, to respond to or comply with any witness subpoena or other process commanding them to appear before the city commission or any other city official, board, commission or inquisitional city agency for the purpose of giving or furnishing testimony or evidence in a proceeding or hearing wherein the Dade County tax assessor's office is being investigated.

That one of the intents of this decree is to prevent the defendants jointly or severally from enforcing by way of contempt proceedings, court proceedings or prosecutions, or in any other manner the commands of the witness subpoenas heretofore issued or which may hereafter be issued by the city or its officials for the purpose of eliciting testimony or evidence in a proceeding or hearing wherein the Dade County tax assessor or his office is being investigated because the city of Miami has no authority to investigate the same or to subpoena any records or documents, public, confidential, or private, for the purpose of conducting such an investigation.

That the court retains jurisdiction of this cause for the purpose of enforcing this decree and for the purpose of taxing costs, if any.