W. H. FULLER v. ELIZABETH CITY.

*Title — Trial — Evidence — Burden of Proof—Adverse
Possession.*

1. In an action against a municipality for damages for the appropriation of plaintiff's land for a street, the defendant denied plaintiff's title ; *Held*, that the burden of proving his ownership is upon the plaintiff.

2. In order that adverse possession may ripen into a perfect title against the true owner, it must be such a possession and exercise of dominion as would subject the claimant to an action of ejectment.

3. The mere fact that a person claims land, offers it for sale and lists it for taxes, is not evidence to show title.

CIVIL ACTION, tried before *Green, J.*, and a jury, at Fall Term, 1895, of PASQUOTANK Superior Court.

The plaintiff sought to recover damages for the condemnation and appropriation of a parcel of land alleged to belong to him, for the purpose of a street, and alleged that by reason of the manner in which the street was laid out his adjoining land was rendered worthless and unsalable.

The defendant denied plaintiff's title and averred that the opening of the street enhanced the value of the plaintiff's adjoining land.

The issues submitted to the jury and the responses were as follows :

1st. Is the plaintiff the owner of the land described in the complaint? Ans., " Yes."

2d. What damage has plaintiff sustained by reason of said street described in the pleadings ? Ans., $295.

The plaintiff introduced deed of trust covering the land in controversy, from C. M. Laverty and John C. Ehringhaus, dated December 3, 1858.

He next offered in evidence record of an equity proceeding, covering the *locus in quo,* copies of which are made a part of this case on appeal. Defendant requested plaintiff's counsel to read the same. Plaintiff's counsel read the petitions without objection, and then proceeded to read the entries on the back thereof. Here defendant objected. Court ruled that the objections had not been made in time. Entries read and defendant excepted. Plaintiff's counsel then proceeded to read the other papers constituting the record, and defendant objected to each. Each objection was overruled by the court on the ground above indicated, and defendant excepted. The entire record was read.

Plaintiff next introduced deed from commissioners of the court in said proceedings, covering the land in controversy to plaintiff, dated July 4th, 1876.

M. B. Culpepper, a witness for plaintiff, testified: That he had known the plaintiff for twenty-five years, and

the land in controversy for a much longer time.    That the land was situated on Road street, in the town of Elizabeth City, N. C., not far from the court house    That S. S. Fowler was plaintiff's agent.    That plaintiff personally, and through his said agent, had listed and paid taxes upon said land ever since he got his deed for it in 1870.    That plaintiff had sold off portions of the land he bought, in lots to different people, and was offering the balance of it for sale.    That a few years ago there was a house upon the land he purchased.   The land in controversy is laid out, no fence around it, and portions of it is swamp.    That the land in controversy was a portion of the land described in said deed and equity proceeding, and also in the complaint.

F. Vaughan, a witness for defendant, was next introduced, and stated that he knew the land; that the plaintiff had opened a street through it since he bought it, and had sold off part of it in lots.    It is not enclosed by fence; grown up in weeds and laid out.

G. M. Scott was next introduced for defendant.    He testified that he knew the land in controversy; that plaintiff asked fifteen hundred dollars for the swamp portion of it.

Defendant requested the court, in writing, to put his charge to the jury in writing, which the court did in words and figures to-wit:

"1. The plaintiff claims title as follows: Deed of trust from C. M. Laverty and John C. Ehringhaus, dated December 3, 1858, and a decree in equity, by which the land was sold and the deed of trust foreclosed and a deed made to the purchaser, the plaintiff in this action, by the commissioners appointed by the court, and dated July 4th, 1870.

"The burden of proof in this action is upon the plaint-

iff to satisfy the jury by the preponderance of evidence, first, that he is the owner of the land described in the complaint. If he has so satisfied you that he has been in possession of the land, either in person or by his agent, for twenty-one years or more, under color of title, then you will answer the first issue " Yes." But if the plaintiff has not so satisfied your minds, you will answer the issue " No." Defendant excepted.

" II. The jury are instructed that actual possession of land may arise in any of the different ways of improving it, and which are open and notorious in their character, and which show an intention to appropriate it to some useful purpose, and indicate an exclusive use and control of the property by the persons claiming possession. The possession of land may be by different modes, by inclosures, by cultivation, by the erection of buildings or other improvements, or in any other manner that clearly indicates an exclusive appropriation of the property by the person claiming to hold it. The deed of plaintiff having been executed July 4, 1870, if he had possession under his deed for twenty-one years then he is the owner of the land, and he is not required to show any grant from the State. Defendant excepted. "

Defendant asked the court to charge the jury as follows : " The plaintiff has failed to show title to the property, through which the street is cut. No title has been shown out of the State. The deed from commissioners to Fuller is only color of title, and no possession under it has been shown, and you will answer the first issue, ' No.'

" That there is no grant from the State shown here for the land in controversy, and the plaintiff, before he can recover, must show a continuous adverse possession for twenty-one years under a color of title. Plaintiff has shown no possession, and you must answer the first issue ' No.' "

The court declined to give these several instructions,., and the defendant excepted to his refusal so to do.

Upon the verdict of the jury, the court rendered judg-- ment for the plaintiff and defendant appealed. Defendant asked for a new trial. Motion overruled and defendant excepted.

*Mr. J. H. Sawyer*, for plaintiff.
*Mr. E. F. Aydlett*, for defendant (appellant).

FURCHES, J.: It appears from the pleadings that the defendant, exercising the right of eminent domain as an incorporated town, has taken and appropriated a portion of land within its corporate limits, opposite Cedar street and east of Road street, as one of the public streets of the town. Plaintiff claims that said street is located on his land, by reason of which he has sustained damage to the amount of $400, which he has demanded of defendant,. and which defendant has refused to pay, or any part thereof. Defendant answers, and, among other things, denies that plaintiff is the owner of the land so taken and appropriated. This puts in issue the title to the land, and the burden is on the plaintiff to show that he is the owner before he can recover damage. Plaintiff, for the purpose of showing title, put in evidence a deed to him executed in 1870, based upon a deed of trust, made in 1858, and a. decree in equity and sale thereunder; and the appropriation complained of did not take place until 1893.

Twenty-one years' possession under color of title is sufficient to ripen the title, whether it is shown that the land has been granted by the State or not. And seven years' possession under color will perfect the title, if it is shown that the State has granted the same. Plaintiff showed color of title for a greater length of time than was necessary to ripen into a perfect title against the State and all persons not under

disability, if it had been accompanied by adverse posses-sion. And this possession may be constituted in different ways—as by residing upon the land, by himself, or by his tenants, by fencing or by cultivation. But we are unable to see from the evidence that plaintiff has been in posses-sion of this land at all, under any of the rules laid down by the law. The fact that he claimed it and offered it for sale, or that he paid taxes on it, is no possession. It must be such possession and exercise of dominion as would sub-ject him to an action of ejectment.

The defendant asked the court to charge the jury that from the evidence in the case the plaintiff had failed to show title in himself. This the court refused to do. This was error, for which the defendant is entitled to a new trial. It may be that, with more preparation than seems to have been had on the other trial, the plaintiff may be able to complete his title. But, whether he will or not, there must be a new trial, and it is so ordered.

New Trial.