BEN-JAY INVESTMENT Co., a Florida Corporation; SARAH DEETHS, MARGARET MARINUS, ANNA M. GOEDEKE, joined by her husband, LAWRENCE F. GOEDEKE, ADOLPH ROSENAK, and BERTHA ROSENAK, joined by her husband, ADOLPH ROSENAK, BERNARD SZOID, LILLI CORPORATION, A Florida Corporation, EDITH ROBERTSON, and CLARENCE G. STEPHENS and OLLIE STEPHENS, his wife, and any and all other persons claiming any right, title or interest in and to the property in question, v. MARIE DE C. STILLMAN, as Trustee for Ronald Y. Stillman, Marie De Stillman and Ronald Y. Stillman.

154 So. 829.
Opinion Filed April 7, 1934.

*R. L. Selden* and *Joseph Ginsberg,* for Appellants;
*Gardiner & Gardiner,* for Appellees.

TERRELL, J.—This cause grew out of a controversy between the parties hereto, as to the ownership of part of the overplus of Government Lot 2, Section 36, Township 14,

South, Range 32 East. Appellees, as complainants, brought their bill of complaint in the Circuit Court of Volusia County, to quiet title to the lands in question. The bill alleges that they have been in possession of said lands for more than seven years last past, and recites their chain of title which is shown to have been deraigned from the Federal Government. A motion to dismiss on the part of appellants as defendants was overruled, and the instant appeal is from that decree.

It is first contended that there is no equity in the bill, that a suit to quiet title cannot be maintained in equity but must be prosecuted at common law. A complete answer to this contention contrary to appellants' view, is found in Chapter 11383, Acts of 1925, and in McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, construing said Act.

The claim of ownership adverse to that of complainant consisted in platting and selling according to said plat, the lands brought in question. It is contended that such exercise of ownership does not constitute a cloud upon the title against which equity will relieve.

There is no general rule prescribing the particular acts of ownership which constitute adverse possession, but in the light of the purpose for which it is done, it certainly could not be questioned that platting and laying off into town lots for the purpose of sale, is one of them.

The judgment below must be and is hereby affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.