F. B. Palbicke v. Hanover National Corporation, C. D. Blackwell, *et ux.*

162 So. 694

Division B.

Opinion Filed June 5, 1935.

Petition for Rehearing Denied July 8, 1935.

*Gedney, Johnston & Lilienthal,* for Appellant.

*J. H. Lessor,* for Appellees.

Buford, J.—In a suit to foreclose municipal tax sale certificates appeal is from an order denying motion to strike portions of answer which alleged in effect that the property

had not been returned by the owner, or anyone else, for taxation; that it was assessed in the name of the record title owner but not the real owner, the real owner being in possession not in person but by tenants, and also that in the assessment the land was described as: Lot 3 of Block 3 of Brelsford Park, a subdivision in the City of West Palm Beach, Florida, according to plat thereof on file in the office of the Clerk of the Circuit Court of Palm Beach County, Florida, in Plat Book 8, at page 21, while it was a matter of record that 12 feet off the East end of such lot had before the assessment been converted to a part of the street and only the West 98 feet of the described lot was left to the owner. The answer, amongst other things, pleaded Section 107 of the City Charter, which is as follows:

"Section 107. The Assessor shall ascertain by personal inspection, when not already sufficiently acquainted therewith, the full cash value of each parcel of real estate, and assess it at its full cash value, and set down in the assessment roll following and opposite the description of each parcel of real estate the name of the owner, or name of the legal representative of the owner, of each parcel. When real estate has not been returned for assessment on or before the first day of April of each year, the Assessor shall enter the word 'unknown' in the column of the assessment roll provided for the name of the owner or his or her representative. The failure to give the name of the owner or his or her representative shall not invalidate the assessment. When the owner or representative of the owner shall be dissatisfied with the valuation fixed thereon by the Assessor and shall make a complaint thereof to him the same shall be noted and reported to the City Commission to be reviewed and equalized by it."

Section 109 of the City Charter was also pleaded and is as follows:

"Sec. 109. That the City Assessment roll shall be prepared in substantial conformity with the laws of the State governing State and county assessments, the Commission to be a board of equalization. City tax sales shall be conducted and tax sale certificates issued in substantial conformity to the laws governing State and county tax sales and certificates; and tax sale redemptions and the issuance of deeds upon tax sale certificates shall be in substantial conformity to the general law governing redemptions and the issuance of tax deeds; all which matters shall be prescribed by city ordinance. The City Clerk shall sign such deeds and shall otherwise act for the City as the Clerks of the Circuit Court acts for the State and County in similar matters."

Both the holder of the record title and the party claiming the ownership of the property, the grantor in the recorded deed which on its face conveyed the fee simple title, were parties defendant. He who claimed to be the real owner of the property here seeks to avoid a tax assessment on the ground that his own recorded deed is not what it purports to be, that is a deed conveying the fee simple title to the property involved, but that such purported deed in truth and in fact conveyed no right, title or interest in the lands. It is elementary that the defendant is estopped from setting up any such defense unless he alleges notice or knowledge on the part of the taxing authorities of such existing conditions and we do not hold that he might avail himself of such defense even by alleging such notice or knowledge against the showing of the record. If the holder of the record title had returned the property to the tax assessor for taxation, the person claiming to be the real owner, the record to the contrary notwithstanding, could certainly not

be heard, after allowing the assessment based on such return to stand unchallenged for years, to say the lands had not been returned by the owner for taxation. So as between one claiming to be the real owner and the taxing authorities such person claiming to be the real owner cannot be heard to say that an assessment is void because it is made in the name of one whom he caused by his own deed of record to appear to be the fee simple owner.

We think the allegations of the answer to the effect that the description used in the assessment is void because a part of the assessed lot has been converted to street or highway purposes constitutes no defense. The allegations of this portion of the answer show on the face thereof that all of the lot 3 referred to which is subject to taxation is assessed and there is no showing that the description is either indefinite or uncertain to such an extent as to invalidate the assessment.

The order appealed from should be reversed on authority of the opinion and judgment in the case of Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 Sou. 439, and cases there cited.

It is so ordered.

Reversed.

ELLIS, P. J., and TERRELL, J., concur .

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

### ON PETITION FOR REHEARING.

PER CURIAM.—Section 109 of Chapter 9945, Acts of 1923, Special Laws (the City Charter of West Palm Beach), requires the city tax assessment roll to be prepared in substantial conformity with the laws of the State governing state and county assessments, the City Commission to be a

board of equalization. This section of the City Charter construed in connection with Chapter 10038, Acts 1925, Laws of Florida, makes it an immaterial irregularity, not going to the enforceability of unredeemed tax certificates sought to be foreclosed, that the Tax Assessor made an erroneous statement on the tax rolls of the ownership of the assessed land, so long as the land itself was correctly described as an assessable parcel. Therefore the decision in the earlier case of Porter v. Carroll, 84 Fla. 62, 92 Sou. Rep. 809, and kindred holdings, is now no longer applicable to tax assessments made since the effective date of Chapter 10038, Acts of 1925, last mentioned. The tax assessment in this case was made for the unpaid 1928 and 1929 municipal taxes due the City of West Palm Beach.

If the tax certificates cover land not claimed by appellee, and not subject to being taxed because it had become a part of a public street at the time of its assessment for 1928 or 1929 taxes, an appropriate decree adjusting the amount required to redeem the whole to a *pro rata* part thereof covering only that in which defendant is owner or claimant, can be sought on equitable terms as a means of segregating the defendant's holdings from a tax liability for taxes due on other lands in which it claims no interest. But the tax certificates are nevertheless evidences of liens and validly enforceable as such for the amount of all taxes the defendant owes on the land it asserts claim to as owner.

Rehearing denied.

WHITFIELD, C. J., and ELLIS, BUFORD, and DAVIS, J. J., concur.