Suit by Annie B. Beach, a widow, against the Sovereign Finance Company, a corporation, and others, to quiet a tax title to certain lands. Decree for plaintiff, and named defendant appeals.
Affirmed.
The appellee instituted a suit in the court below pursuant to the provisions of sections 66.26 and 66.27, Florida Statutes 1941, F.S.A., for the purpose of quieting a tax title to certain lands acquired under a tax deed issued by the Town of Riviera, a municipal corporation. Emery J. Thomas, the record owner prior to the tax deed, Sovereign Finance Company, the holder of a mortgage against the former record title, and L.R. Baker, a judgment creditor of Thomas, were made parties to the suit. Thomas and Baker defaulted in pleading, leaving only the mortgagee to defend the suit. At final hearing a decree was entered in favor of the appellee and Sovereign Finance Company appealed.
In the bill of complaint it was alleged that the plaintiff claimed title to the lands, which were vacant and unimproved, by virtue of a tax deed issued by the Town of Riviera in lawful pursuance of its charter power; that on the date of the issuance of the deed the prior record title to the property was vested in one Emery J. Thomas subject to a mortgage owned and held by Sovereign Finance Company; that because of the existence of the prior record title in Emery J. Thomas and the recorded mortgage lien in Sovereign Finance Company a doubt and suspicion was cast upon the later and paramount title of the plaintiff acquired by virtue of the tax deed, which the plaintiff was entitled *Page 833 
to have removed and canceled. The prayer of the bill was that the claim, right, title or interest of each of the defendants be declared null and void and that title to the land involved be quieted and confirmed in the plaintiff.
Attached to the bill of complaint was the tax deed referred to, which shows that on July 5, 1932, the land involved was sold by the tax collector of the Town as the property of City Builders Realty Company for unpaid town taxes for the year 1931, and that on August 15, 1935 a tax deed to the property was executed and delivered to the appellee.
In the answer filed by Sovereign Finance Company the mortgagee admitted the general allegations of the bill, denied that the tax deed was issued in lawful pursuance of the charter power of the Town of Riviera, and averred that the tax deed was void as against the answering defendant for the reason that the tax assessment recited in the deed and upon which the deed was based was made in the name of City Builders Realty Company although City Builders Realty Company was not, and the defendant Emery J. Thomas was, the record and actual owner of the property at the time of the assessment, as the taxing officials of the municipality well knew.
The trial of the issues was had upon a written stipulation of facts, by which the parties agreed that in the assessment roll assessing the 1931 taxes, for the non-payment of which the tax certificates recited in the deed were issued, there was set out following and opposite the description of the lands involved in the cause the name "City Builders Realty Company"; that said company was neither the owner nor the occupant of said lands at the time the said assessment was made and said certificates issued; that the name of Emery J. Thomas, who was the record and actual owner of the lands at the time the assessment was made and the tax certificates issued, did not appear on the assessment roll in connection with said lands.
Based upon this stipulation and the tax deed admitted in evidence over the objection of the defendant "that said deed was incompetent because on its face void," the final decree prayed for was entered.
The issues involved on the appeal go to the validity of the tax deed and the statutes under which it was issued.
Sections 66.26 and 66.27, Florida Statutes 1941, F.S.A., prescribe a method for quieting tax titles in the circuit courts of the State. Beebe v. Richardson, 156 Fla. 559, 23 So.2d 718. The statutes provide that where the suit is based upon a tax deed issued by the State, or any of its municipalities or other political subdivisions, the bill of complaint need not deraign the title beyond the issuance of the tax deed. The bill of complaint at bar was framed under these statutes and therefore the notion to dismiss, which was interposed to the bill, was properly denied.
We do not find that the tax deed offered in evidence in support of the bill was void on its face, as contended by the defendant at the time of trial. It contained the names of the grantor and grantee, the serial numbers of the tax certificates surrendered for the deed, the amounts paid for the certificates, a full and correct description of the property, the name in which the property was assessed and other matters deemed necessary or appropriate for insertion in such an instrument. On its face, therefore, it was regular in all respects and was entitled to be received in evidence as prima facie proof of the fact that title to the lands was in the tax deed holder. See Section 12, ch. 14572, Laws of Florida 1929, Ex.Sess., and Section 92.24, Florida Statutes 1941, F.S.A., for "prima facie evidence" laws in effect at the time of the issuance of the deed and at the time it was offered in evidence at the trial.
The prima facies of the tax title having been thus established by the plaintiff, the burden shifted to the defendant to overcome the presumption of its validity by proof of matters showing or tending to show such fatal defects in the statutes or proceedings upon which the tax deed was based as would vitiate the instrument. For without such proof on the part of the defendant the plaintiff would be entitled to a final decree upon the showing made. Cowan v. Skinner, 52 Fla. 486, 42 So. 730, 11 Ann. Cas. 452; Taff v. Hodge, 132 Fla. 642, 182 So. 230; Coult v. McIntosh Investment *Page 834 
Co., 133 Fla. 141, 182 So. 594; Sunset Corporation v. Doyle,151 Fla. 161, 9 So.2d 703.
The defendant did not offer any such proof but rested his defense entirely upon a fact conceded by all parties, that in the 1931 assessment upon which the tax deed was based the lands were assessed in the name of City Builders Realty Company when in fact the record owner of the property was one Emery J. Thomas.
The only question for decision is whether that fact standing alone is sufficient to overcome the effect of the recitals in the deed which established prima facie title in the plaintiff. The question necessarily depends upon the validity and applicability of apparently pertinent taxing provisions appearing in the special statute creating the Town of Riviera and the general tax statutes of the State which are made a part of the special act by reference.
The charter act of the Town of Riviera sets up a complete and detailed method of procedure for assessing, levying and collecting annual ad valorem taxes within the municipality, for selling the lands and issuing tax certificates in the event of nonpayment of taxes, and for issuing tax deeds on application in the event the certificates are not redeemed. Chapter 9894, Special Acts 1923. Section 25 provides that the assessments shall be made to the persons owning the property on the first day of the taxable year "so far as such ownership may be known to the Tax Commission" and that "any failure to assess to the proper person or corporation shall not invalidate the assessment." Section 80 provides: "That the town assessment roll shall be prepared in substantial conformity to the laws of the State of Florida governing State and county assessments, the Town Council to be a board of equalization. Town tax sales shall be conducted and tax sales and certificates issued in substantial conformity to the law governing State and county tax sales and certificates; and tax sale redemptions, and the issuance of deeds upon tax sale certificates shall be in substantial conformity to the law governing redemption and the issuance of tax deeds * * *."
The general tax statutes in effect at the time the 1931 assessment was made, Sections 920, 921, 922, C.G.L. 1927, F.S.A. §§ 193.20, 193.17, 193.22, prescribed a mode of procedure for county tax assessors to follow in assessing property for State and county purposes as to lands not within the limits of a municipality, as to lands within a municipality, and as to severable land, timber and turpentine rights. Section 928, Compiled General Laws 1927, F.S.A. § 193.21, also in effect at the time of the assessment, authorized the county tax assessor, in case private lands had not been returned for taxation, to assess the lands "in the name of the same party as for the preceding year, or * * * as unknown" and that "the use of either of these methods in designating the ownership of such land shall be valid: Provided, that in cases in which lands are not returned for taxation an erroneous statement of the owner of such land or entry on the assessment roll shall not invalidate the assessment."
We find nothing either in the special act creating the Town of Riviera or in the general statutes cited that in and of itself would be sufficient to overcome the tax deed as prima facie evidence of title, even though it be conceded that the name of a person other than the owner appeared in the assessment roll upon which the tax deed was founded. For if the prima facie validity of the tax deed is made to depend upon the provisions of the charter act creating the Town of Riviera the presumption will prevail that the assessor acted with the utmost good faith in making up the 1931 assessment roll and that based upon such information as could be obtained by him, he made the assessment in the name of the person owning the property on the first day of the taxable year "so far as such ownership (was) known." And if the prima facie validity of the deed is rested upon the provision of the general statutes in force at the time of the assessment the presumption will obtain that the true owner failed to return his property for taxation for the year 1931, as required by law, and that consequently the assessor acting in good faith assessed the land "in the name of the same party as for the preceding year." Under either statute the good faith of the tax assessor and the validity of his actions will be presumed until overcome by proof *Page 835 
from the complaining party. Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 So. 503; Wade v. City of Jacksonville, 113 Fla. 718,152 So. 197.
Unless the statutes are wholly void or inapplicable on constitutional grounds, the presumptions prevailing under either statute would be such, in the absence of at least some proof showing or tending to show a complete non-compliance with their provisions, that the court would be compelled, as a matter of law, to recognize the validity of the title upon which the plaintiff relied and to enter a final decree upon the prima facie case made.
The appellant makes some contention that if effect is given to that provision of the charter act authorizing the Tax Commission to make assessments on land in the name of a person other than the owner, or to the provision which incorporates the general tax laws of the State into the charter act by reference, section 20, Article III of the Constitution, F.S.A., which prohibits the enactment of special or local legislation "giving effect to informal or invalid deeds or wills" will be thereby violated.
We cannot follow the argument of counsel so far as the point is urged as to municipal tax deeds based upon assessments made in pursuance of and subsequent to the enactment of the special statute. With respect to such deeds the special act is not in any sense of the word a "curative" statute enacted to give effect to "informal or invalid deeds," but a comprehensive and complete act providing a specific method of procedure designed to effectuate the collection of taxes to defray the costs of local government within the municipality.
So long as the provisions of a special act creating a municipality accord with fundamental concepts of due process and established principles of law designed to secure just, uniform and equal taxation of all private property within the municipality we know of no provision of the Constitution violated thereby.
The special act under consideration provides for the making up of the yearly assessment roll during the months of January and February of each year. It requires the clerk of the Town to send a notice by mail "to each taxpayer, at the last address of the taxpayer known to the Clerk, notifying such taxpayer of the amount of his, her or its assessment or assessments". It provides an opportunity to the taxpayer to appear before an equalizing board to contest the amount or validity of the taxes assessed against his property. It gives ample opportunity to the taxpayer to redeem his lands from unpaid taxes. It requires that notice be given of all applications for tax deeds. Sections 25, 27, 43, 80, 82, Ch. 9894, Special Acts 1923. Thus, at each stage of the proceedings delineated by the statute reasonable opportunity is given the taxpayer or other claimant to adjust or discharge his tax obligations.
A tax deed issued in full compliance with the requirements of such a statute will not be held invalid merely because of what we must assume from the record was at most an unintentional error in making up the assessment roll, and which has been held under a similar special statute to constitute merely an immaterial irregularity which will not vitiate the subsequent proceedings. Compare Palbicke v. Hanover Nat. Corporation, 120 Fla. 299, 302,162 So. 694; Cooley on Taxation, 4th Ed., Vol. 3, Sec. 1099, p. 2222.
The appellant having failed to show reversible error, the decree appealed from is affirmed.
It is so ordered.
ADAMS, C.J., CHAPMAN, J., and TAYLOR, Associate Justice, concur. *Page 836