The appeal is brought by the defendants below from a final decree entered on bill and answer.
The appellees, as plaintiffs below, instituted a suit under the provisions of sections 66.26 and 66.27, Florida Statutes 1941 Cum. Supp. 1947, F.S.A., to quiet the title to certain lands acquired under a tax deed executed on August 4, 1944, and based on tax certificates issued in 1940 for 1939 taxes against lands assessed either in the names of persons other than the appellants or as "unknown." The appellants, and certain other persons which the bill alleged had or claimed some interest in the lands, either as former record title owners or as lien claimants under the record title owners, were made defendants in the suit.
The bill alleged that the tax deed and the title to the land conveyed thereby was acquired by the plaintiff, Van Horn, for the use and benefit of the plaintiffs, Hutchison and Jinks; that after the execution and delivery of the deed the plaintiffs took actual possession of the land conveyed, by enclosing the same with a substantial fence; that the appellees were in open, actual and exclusive possession of the property at the time of the institution of suit; and that after the issuance of the deed the plaintiffs paid subsequently accruing taxes on the property. The prayer of the bill was that the title to the lands be quieted and confirmed as against any adverse claims of the defendants.
The appellants, who claimed an interest in a portion of the lands described in the tax deed, filed a motion to dismiss the bill of complaint on the grounds, among others, that the bill wholly failed to show that as to such portion the title to the property was vested in the plaintiffs or that they were in possession of the property at the time of the institution of suit.
The motion to dismiss the bill was denied and the appellants, as defendants, were required to answer.
In the answer the said defendants admitted that Van Horn acquired the tax deed *Page 357 
sued on but asserted that the deed was void and hence did not convey title to the land described therein, because of the fact that the notice of the application for the deed, as published by the clerk of the Circuit Court for Bay County, did not constitute such a sufficient notice of the intended sale of the lands involved as to give the clerk jurisdiction over said lands or to authorize the issuance of the tax deed; that the clerk well knew the post office address of each of the defendants and that the Cove Realty Company, Inc., was the record title owner of the lands subject to a mortgage held by Sudduth Realty Company, Inc.; that notwithstanding such knowledge the clerk failed to mail a copy of the notice of sale to the owner and the mortgagee, or to notify them of the application for the tax deed, and failed to execute, file and attach to the proof of publication, the certificate which the law requires to be made when actual notice to the record owner and lien claimants is not given; that the tax deed issued to Van Horn did not contain a full description of the land or the consideration paid for the deed.
On the issue of possession, the defendants alleged that as to that portion of the lands which they laid claim to, "neither the said A.C. Van Horn nor the other named plaintiffs in said cause took actual possession of the land * * * or any part thereof by enclosing same with a substantial fence or by any other means or method and deny the allegation of said paragraph that said plaintiffs were at the time of filing this suit in the actual and exclusive possession of the above described land or any part thereof * * * that some time after the date of the alleged deed the plaintiffs, or some other person or persons, did commit trespass upon said lands by going upon the same without authority and stringing some strands of wire from place to place on said land, but did not anywhere upon said land construct a substantial fence nor did they enclose the said land hereinabove described by a substantial fence around or enclosing said land. That the said plaintiffs did not at any time otherwise improve or cultivate said land or any part thereof and did not in any manner take actual possession of said land or any part thereof."
The answer alleged, also, that as to the portion of the lands claimed by the defendants the defendant, H.L. Sudduth, acquired title thereto in 1925 and shortly thereafter went upon the same, "individually, and as officer and agent of Sudduth Realty Company of Florida, a corporation * * * and improved the said land and took actual possession thereof by surveying, subdividing and platting said land, opening, grading and developing streets and ways to, over and across said land, and filed the plat thereof designated `Sudduth Realty Company of Florida's Seventh Addition to Panama City, located in the Southwest Quarter of the Northwest Quarter of Section 15, and the Southeast Quarter of the Northeast Quarter of Section 16, Township 4 South, Range 14 West;'" that in 1926 Sudduth Realty Company of Florida acquired title to the lands by warranty deed from H.L. Sudduth and wife, and that the said improvements were thereafter maintained and said actual and exclusive possession of said land retained by Sudduth Realty Company of Florida until said land as improved and the possession thereof were conveyed in 1930 by Sudduth Realty Company of Florida to Cove Realty Company, Inc.; that thereafter Cove Realty Company, Inc., claiming title to said land under the said deed of conveyance "maintained the improvements thereon and continued in the exclusive actual possession thereof until the filing of this answer and was in the actual exclusive possession of said land at the time of filing this suit by the plaintiffs * * * that said plaintiffs never at any time took actual possession of said land nor did said plaintiffs at any time construct thereon a fence or enclose said land or any part thereof by a fence, substantial or otherwise * * *."
Other matters were averred in the answer but we do not deem them necessary to a determination of the questions raised on the appeal.
Subsequent to the filing of the answer the plaintiffs moved for a decree on bill and answer. After argument of counsel, the *Page 358 
chancellor granted the motion and entered a final decree in which he found the equities of the cause to be with the plaintiffs; that the defendants had no right, title or interest in the land conveyed by the tax deed; that the tax title should be quieted and confirmed as against the claims of the defendants; and that a portion of the costs should be assessed against the defendants.
The present appeal is from this final decree; the ultimate questions being whether the motion to dismiss should have been granted and whether the final decree should have been entered on bill and answer.
Section 66.26, supra, authorizes any grantee under a tax deed to quiet title to the lands conveyed thereby as against the holder of the former record title and all persons claiming any interest in the land or lien thereon acquired prior to the issuance of the tax deed. See Beebe v. Richardson, 156 Fla. 559,23 So.2d 718; Sovereign Finance Company v. Beach, Fla., 38 So.2d 831. The bill of complaint filed pursuant to this statute set out the claim of the plaintiffs and supported it by a copy of the tax deed which was in the required statutory form; it alleged the tax deed holder to be in the actual, open and exclusive possession of all the property described in the deed; and it prayed that the title thereto be quieted and confirmed as against the defendants and other defendants named in the bill, whose claims or interests in the land appeared on the face of the bill to have been acquired by the defendants prior to the issuance of the tax deed. The chancellor did not err in denying the motion to dismiss the bill of complaint, for the bill did not wholly fail to state a cause entitling the plaintiffs to some form of equitable relief under the applicable statutes.
The remaining question is with respect to the propriety of entering the final decree on bill and answer.
Section 63.40, Florida Statutes 1941, F.S.A., authorizes a plaintiff in an equity suit, within ten days after an answer is filed, or within such further time as the court may allow, to move for a decree on bill and answer, and provides that "if the motion be overruled the plaintiff shall have the right to proceed to trial, notwithstanding the motion or order thereon and, if the answer be found insufficient as a defense, but amendable, the court may permit it to be amended on such terms and conditions as may be equitable."
Where a cause is set down by plaintiff for a hearing under this statute the plaintiff will be deemed to have admitted the truth of the averments of the answer when they are responsive to the bill or are in confession and avoidance of it, and all allegations of the bill not sufficiently denied by the answer are to be taken as true. Compare Douglass v. Tax Equities, Inc.,144 Fla. 801, 198 So. 578; Miami Bridge Company v. Miami Beach Railway Co., 152 Fla. 458, 12 So.2d 438; Sullivan v. Givens,155 Fla. 445, 20 So.2d 493.
One of the issues raised by the answer was with respect to the sufficiency of the notice given by the clerk on the plaintiffs' application for the tax deed. It was averred by the defendants in their answer that the clerk failed to observe certain jurisdictional prerequisites in giving such notice, in that although the clerk well knew the post office addresses of the defendants and that they were record title owner and mortgage lien holder of the lands, respectively, he did not mail them a copy of the notice of the application for tax deed or execute and attach to the proof of publication, as required by section 194.18, Florida Statutes 1941, F.S.A., a certificate to the effect that the addresses of the said record owner and the mortgage holder were unknown to him, after diligent search and inquiry.
This allegation of the answer was doubtless predicated upon the belief that the giving of such a notice or the making of such a certificate was jurisdictional and that the failure to observe this requirement invalidated the tax deed.
The statute in force at the time of the application for a tax deed, not the statute in force at the time of the issuance of the tax certificates, regulates the procedure to be followed in obtaining a tax deed. Tindel v. Griffin, 157 Fla. 156, 25 So.2d 200. Section 194.18 Florida Statutes 1941, F.S.A., the statute in force at the time of the application for tax deed, *Page 359 
though prescribing that a copy of notice of sale should be given the record title owner and lien claimants, if the addresses of such persons are known, and that a certificate of non-service should be made if after diligent search and inquiry their addresses cannot be ascertained, does not make such procedure mandatory but directory only. Consequently, the failure of the clerk to mail a copy of the notice of the sale to the defendants in the present case did not affect the validity of the underlying proceedings or the tax deed issued pursuant to the published notice that was given. See Sec. 194.18, Florida Statutes 1941, F.S.A; Tindel v. Griffin, supra.
As appears from the transcript of record, the published notice of the application for tax deed was in the required statutory form. See Sec. 194.16, Florida Statutes 1941, F.S.A. The tax deed which was executed by the clerk pursuant to the notice conformed with the statutory requirements applicable to deeds issued to purchasers other than the county. It cannot be said that the land descriptions contained therein were wholly insufficient. The deed was "prima facie evidence of the regularity of all proceedings from the valuation of the lands by the assessor to the issuance of such deed, inclusive." See Sec. 194.24, Florida Statutes 1941, F.S.A.
The allegations of the answer questioning the validity of the tax deed because of supposed jurisdictional defects in its issuance failed to meet and overcome the prima facie effect of the instrument and hence as against the claim of the defendants the title to the property and the right to immediate possession thereof was established in the plaintiffs. See Sections 194.53 and 194.54, Florida Statutes 1941, F.S.A.; Sovereign Finance Co. v. Beach, Fla., 38 So.2d 831. Consequently, the allegations of the answer were not legally sufficient to meet and overcome the validity of the title acquired by the tax deed holder.
The remaining allegations of the answer are directed to the bill of the plaintiffs wherein they claim that they were in possession of the property at the commencement of the suit.
The answer denied that the plaintiffs were in the possession of the disputed portion of the lands at the time of the commencement of suit and asserted that the defendant, Cove Realty Company, Inc., held actual, open and exclusive possession thereof by reason of having controlled and maintained improvements on the land, placed there by its predecessor in title, Sudduth Realty Company of Florida, which consisted of grades, streets and ways over and across said lands and the platting and subdividing thereof for sale.
Assuming that the allegations of the answer were sufficiently definite to establish actual possession of a portion of the lands in the defendant Cove Realty Company, Inc. — a point we need not decide, under our view of the case; but see Ben-Jay Inv. Co. v. Stillman, 114 Fla. 703, 154 So. 829; Sucro v. Worthington, 4 Cir., 104 F.2d 472 — the essential question on the issue is whether, conceding the facts stated to be true, the allegations were of such complete defensive quality as to defeat the right of the plaintiffs to maintain their suit to quiet title or to preclude the entry of the final decree appealed from.
Section 66.27, Florida Statutes 1941, Cum.Supp. 1948, F.S.A., provides that "Suits may be maintained hereunder whether or not the plaintiff is in possession of the lands involved, provided, however, that where the defendant is in actual possession of said lands a jury trial may be had as provided in the case of other suits to quiet title."
It is plain from the language of the statute that while the fact of actual possession of a portion of the lands by Cove Realty Company, Inc. at the commencement of the suit might have determined the procedure to be followed in the suit had evidence been taken on any valid issue presented by the pleadings, Albury v. Drummond, 95 Fla. 265, 116 So. 236, the establishment of mere actual possession with nothing more could not have defeated the right of the plaintiffs to maintain the suit nor have constituted a defense to the *Page 360 
bill. Though the statute makes provision for a jury trial in cases where there is actual possession by the defendant of any of the lands involved, we think it implicit from the wording of the statute and the objects to be served thereby that before a suit to quiet title should be transferred to the law side of the court for a trial on the issue of possession of any of the lands described in the bill of complaint, the facts presented to the chancellor should be such as to admit of the framing of a real issue for a jury to try — such an issue as if found by a jury in favor of the defendant would support a lawful verdict and judgment for the defendant. A real issue would not be presented where, assuming every fact stated in the answer to be true, a sufficient set of facts would not be presented to warrant the entry of a lawful verdict in favor of the defendant and where consequently it would be the duty of the trial judge to take the case from the jury and enter judgment for the plaintiff. To refuse the defendant a jury trial under such circumstances would not amount to a denial of any right of trial by jury which might be assumed to exist in cases involving the trial of title to property.
In the case at bar it is plain that the defendant, Cove Realty Company, Inc., claimed possession of the property described in its answer purely as an incident to its ownership of the former record title which it acquired from Sudduth Realty Company of Florida prior to the issuance of the tax deed; and not by virtue of any ripened right subsequently accruing against the tax deed holder, such as, for example, a right of possession under the 4-year statute of repose, the 7-year statute of adverse possession, or the like. However, the former record title owned by Cove Realty Company, Inc., and all rights, interests, or liens upon the property were "cut off" and became "null and void" when the tax deed was executed by the clerk and delivered to the plaintiff. See Sec. 194.53 Florida Statutes 1941, F.S.A. Moreover, upon the delivery of the tax deed by the clerk the plaintiff became entitled to the immediate possession of the property described in the instrument. See Sec. 194.54, Florida Statutes 1941, F.S.A. Thereafter, Cove Realty Company, Inc., occupied the position, as against the owner of the new and independent paramount title, of a mere trespasser on the lands, and would remain in this relation until such time as its holding over ripened into some form of possessory interest recognized by the law as sufficient to bar a right of entry by the plaintiffs. Absent a showing of some such quality of possession in the said Cove Realty Company, Inc. for the required period of time, the mere fact of possession of the character alleged in the answer, with nothing more, would not have amounted to a defense against the claim of the plaintiff to possession under his tax deed, either in equity or in law, nor could it have constituted a sufficient legal predicate for the framing of an issue in ejectment to be tried by a jury on the law side of the court. Compare Cross v. Robinson Point Lumber Co., 55 Fla. 374, 46 So. 6, 15 Ann.Cas. 588; Johnson v. DuPont, 63 Fla. 200, 57 So. 670.
From a summarization of the pleadings, it appears that the plaintiff has instituted a suit to quiet title to a tax deed which on its face is prima facie valid. The plaintiff is in possession of at least a portion of the property described in the tax deed and in his bill and he also claims possession of the remainder. The answer of the defendant has wholly failed to overcome the prima facies of the tax deed sued on. It also has failed to show that the possession of the defendant to a portion of the lands constituted anything more than a mere trespass on the lands as against the new independent and paramount title held by the plaintiffs. The answer, therefore, did not allege sufficient facts to defeat the claim asserted by the plaintiffs. It follows, that no error was committed by the chancellor in entering the decree appealed from and the same should stand affirmed.
It is so ordered.
ADAMS, C.J., and TERRELL, THOMAS, BARNS and HOBSON, JJ. concur.
CHAPMAN, J., dissents. *Page 361