GRIMES, Chief Judge.
This is an appeal from a final judgment which settled a boundary dispute between the parties in favor of appellees.
The controversy arose because the section of land in question was not of standard size in that it contained less than 640 acres. A careful analysis of the deeds in the two chains of title convinces us that the court properly ruled that appellees are the titleholders of the disputed land. No purpose would be served to further discuss this point.
The other point on appeal, which concerns appellants’ adverse possession claim, merits more detailed consideration. In 1951 one of appellants’ predecessors in title made a survey and filed a plat of Lake Chapman Subdivision which covered not only his own land but also the disputed property. None of the survey monuments were located within the disputed strip. The Hillsbor-ough County Commission accepted the plat. Thereafter, until 1969, the property was assessed for taxation according to the platted lot numbers, and appellants and their predecessors paid the taxes during that period on those lots which included the disputed land. However, neither appellants nor their predecessors performed any overt physical acts of possession over the disputed strip of property. Appellants contend that the foregoing activities were sufficient acts of adverse possession under color of title to give them title under Section 95.16, Florida Statutes (1977).
In Downing v. Bird, 100 So.2d 57 (Fla. 1958), our supreme court set out the requisites of adverse possession as follows:
In either prescription or adverse possession, the right is acquired only by actual, continuous, uninterrupted use by the claimant of the lands of another, for a prescribed period. In addition the use must be adverse under claim of right and must either be with the knowledge of the owner or so open, notorious, and visible that knowledge of the use by and adverse claim of the claimant is imputed to the owner. In both rights the use or possession must be inconsistent with the owner’s use and enjoyment of his lands and must not be a permissive use, for the use must be such that the owner has a right to a legal action to stop it, such as an action for trespass or ejectment.
Apropos to the appellants’ claim, 3 American Law of Property § 15.3 (A. J. Casner ed. 1952) states:
Mere assertions of ownership without taking and holding physical control over the property for the required period do not establish adverse possession. The entry and running of boundary lines, the making of surveys, the payment of taxes, sales of parts of the land, and similar assertions of a claim to ownership without sufficient acts of physical control to establish actual possession are not sufficient in themselves, though if coupled with such acts of physical possession they are material facts to be considered in deciding whether title by adverse possession has been acquired.
Measured against the foregoing criteria, the appellants failed to sustain their claim of adverse possession.
Appellants rely primarily upon Ben-Jay Inv. Co. v. Stillman, 114 Fla. 703, 154 So. 829 (1934). In affirming the denial of a motion to dismiss a complaint for quiet title the court said:
The claim of ownership adverse to that of complainants consisted in platting, and selling according to said plat, the lands brought in question. It is contended that such exercise of ownership does not constitute a cloud upon the title against which equity will relieve.
There is no general rule prescribing the particular acts of ownership which constitute adverse possession, but in the light of the purpose for which it is done, it certainly could not be questioned that platting and laying off into town lots for the purpose of sale is one of them.
We believe that appellants read too much into this case. In the first place, the precise *366 issue on appeal was not a question of adverse possession but whether the defendants’ activities constituted a cloud on the title. Moreover, the opinion included the words “laying off into town lots” which contemplates activity on the land such as staking or otherwise marking lot boundaries. At the most, we believe that the court in Ben-Jay said that the platting of property is a pertinent fact to be considered with respect to a claim of adverse possession. We agree, but in the absence of some exercise of physical dominion over the property, it is not enough to establish title through adverse possession.
AFFIRMED.
SCHEB and RYDER, JJ., concur.