PER CURIAM.
This cause is before us on Flour-noy’s appeal from a final judgment in a boundary dispute in which the trial court found that the Perkinses had adversely possessed the subject property under color of title because, inter alia, they or their predecessors in title had paid taxes on the property and had “been in actual, open and notorious possession of the subject property by virtue of their ordinary use of the property” since 1973. We find insufficient evidence in the record to support the quoted finding, and reverse and remand for further proceedings regarding the “ordinary use” of the subject property. § 95.16(2)(c), Fla.Stat. (1993); Shultz v. Johnson, 654 So.2d 567, 570 (Fla. 1st DCA 1995) (each essential element of adverse possession under § 95.16 must be established by clear and positive proof); Cox v. Game, 373 So.2d 364, 365-66 (Fla. 2d DCA 1979) (in absence of some exercise of physical dominion over property, adverse possession under section 95.16 not shown by platting of property and payment of taxes thereon); Culbertson v. Montanbault, 133 So.2d 772, 774 (Fla. 2d DCA 1961) (“While evidence of the payment of taxes is admissible as one of the circumstances tending to determine the fact and extent of possession, the payment of taxes alone is not sufficient in itself to establish adverse possession.”).
Due to our resolution of this issue, we do not address Flournoy’s remaining issues on appeal.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
BOOTH, MINER and WEBSTER, JJ., concur.